STEVEN G. KALAR
Federal Public Defender
ELLEN V. LEONIDA
Assistant Federal Public Defender
555 - 12th Street, Suite 650
Oakland, CA 94607-3627
Telephone: (510) 637-3500
Fax: (510) 637-3507
Email: ellen_leonida@fd.org

Counsel for Defendant
KEVIN EDWARD LANG

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 12-607 SBA |
| PLAINTIFF, | NOTICE OF MOTION, MOTION, AND POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SUPPRESS EVIDENCE |
| v. | |
| KEVIN EDWARD LANG, | HONORABLE SAUNDRA BROWN ARMSTRONG<br>DATE: SEPTEMBER 9, 2014 |
| DEFENDANT. | TIME: 2:00P.M. |

TO: UNITED STATES OF AMERICA, PLAINTIFF; MELINDA HAAG, UNITED STATES ATTORNEY; AND BRIAN C. LEWIS, ASSISTANT UNITED STATES ATTORNEY

PLEASE TAKE NOTICE that counsel for defendant Kevin Lang hereby moves this Court for an order suppressing all fruits of the unlawful seizure and searches of his computers and electronic storage devices. This motion is based on this notice and motion, the following memorandum of points and authorities, the accompanying declaration and exhibits, the Fourth Amendment to the United States Constitution, all other applicable constitutional, statutory and case authority, and such evidence and argument as may be presented at the hearing of this motion.

CR 12-607 SBA
Def. Mot. to Suppress Evid.

1

# INTRODUCTION

The government repeatedly violated Mr. Lang's Fourth Amendment rights during the course of investigating him. First, a Contra Costa County Deputy Sheriff searched Mr. Lang's room and seized his computers and electronic media storage devices without a warrant. Five months later, the Sheriff's Office sought and obtained a warrant to search the items seized from Mr. Lang's room based upon an affidavit wholly lacking in probable cause to believe evidence of a crime would be found therein. Finally, approximately one year after the seizure of Mr. Lang's property, the FBI conducted a search of his computers and electronic storage devices without a warrant. These repeated, egregious violations of Mr. Lang's Fourth Amendment rights require the suppression of the fruits of the unlawful seizure and searches.

# FACTS

On May 18, 2011, Mr. Lang was in the passenger seat of his grandmother's car when she was pulled over for a traffic violation by Deputy Hofstein, of the Contra Costa County Sheriff's Office. (Leonida Decl., ¶ 2; Exhibit A, Contra Costa County Sheriff's Office Report, at 4.) Based on his perception that Mr. Lang was "acting nervous and not making eye contact," the deputy asked for Mr. Lang's identification, which he provided. (Ex. A, at 4.) After running a records check, Deputy Hofstein allegedly learned that Mr. Lang was on CYA parole, was required to register as a sex offender, and had a pending "290PC case from Oakland PD." (*Id.*) He subsequently called the Oakland Police Department and was informed that "Lang was in violation of 290.012(a) PC (Failing to comply with annual 290 PC registration) and 290(b) PC (Failing to update the current address as a 290 PC registrant)." (*Id.* at 5.)

CR 12-607 SBA
Def. Mot. to Suppress Evid.
2

Deputy Hofstein arrested Mr. Lang at the scene of the traffic stop. He then drove Mr. Lang to his residence "to conduct a parole search of his room," despite the fact that none of the information conveyed to him up to that point had included any waiver of Mr. Lang's Fourth Amendment rights. (*Id.*) In fact, Mr. Lang's CYA parole *did not* include a condition that he be subject to warrantless searches. Because Mr. Lang was released from the California Youth Authority after serving his maximum confinement time, he was released without having parole conditions imposed. (Saldana Decl., ¶ 4-5.)

Three deputies participated in the search of Mr. Lang's room. They seized five laptop computers, three tower style computers, nine computer hard drives, and numerous other items from Mr. Lang's room, all of which Deputy Hofstein identified as "EVIDENCE FOR SAFEKEEPING." (Ex. A, at 5-6.) Although he chose not to seek a warrant before searching Mr. Lang's room and seizing his property, Deputy Hofstein did note his intention to apply for a search warrant at some later date. (*Id.* at 2.)

Mr. Lang pled guilty to one count of failure to update his annual registration, and was sentenced to 180 days in custody, with probation to follow. (Leonida Decl., ¶ 3, Exhibit B, Affidavit for Search Warrant, Oct. 18, 2011.) He was released on September 3, 2011. After his release Mr. Lang failed to report to his probation officer, and a warrant was issued for his arrest. (*Id.*)

Neither Deputy Hofstein, nor any other member of the Contra Costa Sheriff's Office, applied for a warrant to search the items seized from Mr. Lang's room in May 2011 until October of 2011. On October 18, 2011, the Sheriff's Office sought a warrant to search four hard drives, three tower computers, and one laptop belonging to Mr. Lang – all items that at that point had been in police custody for five months – for information regarding his present location. The

CR 12-607 SBA
Def. Mot. to Suppress Evid.

3

affidavit in support of the warrant simply stated that Mr. Lang's computers and hard drives "may contain vital information that could assist law enforcement in locating Lang" and sought authority to search Mr. Lang's devices for "any digital information leading to the whereabouts of Kevin Lang." (*Id.*) The affidavit requested permission to search through all contacts of Mr. Lang and to look through his Internet browser, email, chat, and social media history, as well as any financial statements, government documents, and travel related documents. (*Id.*)

The Contra Costa County search warrant was issued on October 18, 2011. On October 21, 2011, an addendum to the search warrant was issued, extending the time available to the Sheriff's Office to search Mr. Lang's computers to January 16, 2012, 90 days from the date the warrant was issued. (Leonida Dec. ¶ 4; Exhibit C, Addendum to Search Warrant, Oct. 21, 2011.)

On December 2, 2011, the Contra Costa County Sheriff's Office sent Mr. Lang's computers to the FBI, requesting "the assistance of the FBI in reviewing the evidence and seeking federal prosecution against LANG for possession of child pornography." (Leonida Decl., ¶ 5; Exhibit D, Report of Robert Basanez, March 28, 2012, at 1.) Although Mr. Lang's whereabouts were still unknown, the Sheriff's Office did not ask the FBI to look for anything in Mr. Lang's computers that might help locate him. (*Id.*)

The FBI replicated images of the data on the computers and digital storage devices on February 15, 2012 but did not prepare the images for review until April 27, 2012. (Leonida Decl., ¶ 6; Exhibit E, Report of Robert Basanez, June 4, 2012, at 2.) The FBI reviewed the images on June 1, 2012. (*Id.* at 1.) The FBI did not obtain a warrant to search Mr. Lang's computers. (Leonida Decl., ¶ 7)

///

///

CR 12-607 SBA
Def. Mot. to Suppress Evid.

4

**ARGUMENT**

**I. THE CONTRA COSTA SHERIFF'S WARRANTLESS SEARCH OF MR. LANG'S ROOM AND SEIZURE OF HIS BELONGINGS VIOLATED THE FOURTH AMENDMENT**

The Fourth Amendment provides that the "right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated…" U.S. Const. amend. IV. "Because warrantless searches and seizures are *per se* unreasonable, the government bears the burden of showing that a warrantless search or seizure falls within an exception to the Fourth Amendment's warrant requirement." *United States v. Cervantes*, 703 F.3d 1135, 1141 (9th Cir. 2012); *see also Katz v. United States*, 389 U.S. 347, 357 (1967). If the government does not carry its burden, all fruits of the warrantless search must be suppressed. *See, e.g., United States v. Caseres*, 533 F.3d 1064, 1076 (9th Cir. 2008) (reversing district court's denial of motion to suppress because government did not carry its burden of justifying warrantless search).

The deputies who searched Mr. Lang's room and seized his computers, drives, and other items were not acting pursuant to a search warrant. Nor does any exception to the warrant requirement apply. Accordingly, all evidence derived from the unlawful search of Mr. Lang's room and the illegal seizure of his belongings must be suppressed.

**II. THE AFFIDAVIT IN SUPPORT OF THE SUBSEQUENTLY ISSUED CONTRA COSTA COUNTY SEARCH WARRANT FAILED TO ESTABLISH PROBABLE CAUSE**

Before a search warrant may be issued, the Fourth Amendment "requires the government to establish by sworn evidence presented to a magistrate that probable cause exists to believe that an offense has been committed and that items related to that offense . . . will be found on the premises sought to be searched at the time the warrant is issued." *United States v. Rabe*, 848 F.2d 994, 997 (9th Cir. 1988); *see also Illinois v. Gates*, 462 U.S. 213 (1983). "Conclusions of

the affiant unsupported by underlying facts cannot be used to establish probable cause." *United States v. Underwood*, 725 F.3d 1076, 1081 (9th Cir. 2013).

Here, the affidavit described the offenses Mr. Lang had committed as failure to register as a sex offender and failure to check in with his probation officer. (Ex. B.) No facts in the affidavit established probable cause to believe evidence of those offenses would be found on Mr. Lang's computers. Rather, the affiant sought permission to search the computer for information regarding Mr. Lang's whereabouts.[1]

Moreover, by the time the Sheriff's Office sought a warrant to search Mr. Lang's computers, the computers had been "held as safekeeping in the Sheriff's Office Property Room" for five months. (Ex. B.) The last time Mr. Lang had had access to the computers was before his initial traffic stop, before he was arrested, and before he was convicted of failing to register and sentenced to six months in custody. Thus, the affidavit speculates that Mr. Lang foresaw his conviction, sentence, and subsequent flight *prior to even being arrested*, and used his computer to plan for it. This far-fetched possibility cannot establish the probable cause that the Fourth Amendment requires for issuance of a search warrant.

The warrant here did not establish probable cause to believe that evidence of Mr. Lang's failure to register or to check in with his probation officer would be found on his computers. The warrant thus was invalid. All fruits of the search of Mr. Lang's computers must be suppressed.

///

---

[1] This purported justification for searching Mr. Lang's computers was subsequently revealed to be completely disingenuous when, instead of searching for Mr. Lang's location, the Contra Costa Sheriff sent the computers to the FBI requesting "the assistance of the FBI in reviewing the evidence and seeking federal prosecution against LANG for possession of child pornography." (Ex. D.) Notably, the Contra Costa Sheriff did not ask the FBI to search the computers for information that could help locate Mr. Lang, despite the fact that his whereabouts were still unknown in December of 2011.

### III. THE FBI SEARCHED MR. LANG'S COMPUTERS WITHOUT A WARRANT, IN VIOLATION OF THE FOURTH AMENDMENT

It is well established that warrantless searches are *per se* unreasonable, and the fruits of such searches must be suppressed unless the government meets its burden of establishing an exception to the warrant requirement. *Katz*, 389 U.S. at 357; *Cervantes*, 703 F.3d at 1141; *Caseres*, 533 F.3d at 1076. The FBI searched Mr. Lang's computers without a warrant or Mr. Lang's consent. Consequently, the fruits of that illegal search must be suppressed.

### CONCLUSION

For the aforementioned reasons, this Court should suppress all fruits of the unlawful seizure and searches of Mr. Lang's computers and electronic storage devices.

Dated: August 26, 2014

                                        Respectfully submitted,

                                        STEVEN G. KALAR
                                        Federal Public Defender

                                          /S/

                                        ELLEN V. LEONIDA
                                        Assistant Federal Public Defender

CR 12-607 SBA
Def. Mot. to Suppress Evid.

7